**CRONAN v. DEWAVRIN et al.**

Civ. 45–613.

United States District Court
S. D. New York.

June 1, 1949.

Cronan, Kissel & Roseborough, New York City, for plaintiff.

Riegelman, Strasser, Schwartz & Spiegelberg, New York City, for defendants.

HULBERT, District Judge.

The defendant Bernard Dewavrin, by his attorneys, gave notice of taking of the deposition of George Gordon Becket, on written interrogatories at Ottawa, Ontario, Canada. Mr. Becket is associated with the office of the Custodian of the Department of the Secretary of State of the Dominion of Canada.

Plaintiff has brought on this motion, pursuant to Rule 30, Federal Rules Civil Procedure, 28 U.S.C.A., that the deposition shall not be taken or, in the alternative, in the event that said application is denied, directing that five interrogatories, to wit, 6, 7, 8, 9 and 22, be stricken out.

The action was brought to recover $20,-000, plus disbursements, for professional services rendered by the plaintiff, an attorney-at-law, to the defendant. One item of such services involves the release from the Secretary of State of the Dominion of Canada (equivalent to the office of Alien Property Custodian in the United States) of twenty odd thousand shares of Canadian Pacific Railway stock and accumulated dividends in excess of $75,000. Plaintiff alleges these services were rendered by him at the request of the defendants after an earlier application on defendants' behalf had been filed by the Irving Trust Company of New York, and through other counsel, and had been rejected.

It is urged by plaintiff that the examination is entirely improper since a private individual has no authority to examine a sovereign as to its acts, and that the examination is not material since, as he claims, the only issue is the value of the services rendered and the relevant factors of which are what the plaintiff did and the result accomplished.

Whether the testimony sought to be adduced is privileged, it would seem, is for the determination of the Canadian Government, or its representative, whose deposition is sought, and it appears from the affidavit of one of the counsel for the defendants that Mr. Becket has not only signified his willingness to testify, but under date of April 6, 1949, signed a statement in which he set forth the substance of his testimony.

The Court appreciates the issue is to determine the reasonable value of the services of the plaintiff, but certainly incidental thereto is involved the extent to

which a recovery is to be affected by the services rendered through the Irving Trust Company and its attorneys. A deposition on interrogatories is but another method of obtaining the same information that might be procured by an oral examination pursuant to Rule 26 et seq., F.R.C.P., if the witness were available within the jurisdiction of the Court, and since such examinations are investigatory for the purpose of ascertaining facts in order to prepare for trial rather than pr'marily the perpetuation of evidentiary matters, the Court feels that the examination in this instance is proper, reserving objections as to admissibility for the Trial Judge, and the motion is, therefore, denied.